MaNLY, J.
 

 Two grounds are relied upon to sustain the demurrer in this case.
 

 1. That there has been no breach of the conditions of the bond by actual or probable loss on the bond of the complainant, Ramsour, and
 

 2. That the bond is for the indemnity of Ramsour as surety of E. S. Barrett, and does not extend to cases in which Ram-sour is surety of Barrett
 
 &
 
 Co.
 

 The first of these grounds seems to be disposed of by the case of
 
 Ferrer
 
 v. Barrett, 4 Jones’ Eq. 455, which, was a bill similar, in all respects, to the one before us, where the same ground of demurrer was taken, and after full consideration over-ruled. "We content ourselves by a reference to the reasoning in that case.
 

 The second ground is also untenable. There is nothing in the language of the bond to restrict the indemnity to obligations in which Barrett is sole principal, and we can perceive no reason for such restriction. The individuality of co-partners is preserved and is not merged as in incorporated societies. — - Each is responsible, severally, for the debts of the company, and it is not less the debt of Barrett, nor is Ramsour less the surety, because others, beside Barrett, are responsible upon it as principals.
 

 The demurrer is over-ruled with costs, and the usual certificate should be sent to the Court of Equity of Lincoln County-
 

 Fee CueíAM, Demurrer over-ruled.